JOURNAL ENTRY AND OPINION
Appellant, Lashon Gill, appeals from the judgment of the Cuyahoga County Court of Common Pleas, Juvenile Division, which granted permanent custody of her daughter to appellee, the Cuyahoga County Department of Children and Family Services (CCDCFS).
Appellant and Castheria Abrams are the parents of Cashay Gill, who was born on August 30, 1995. CCDCFS became involved with Cashay when she was three months old, which was approximately eight months after appellant's three other children were taken into temporary custody by CCDCFS. On October 29, 1996, Cashay was adjudicated neglected. On October 9, 1998, CCDCFS filed a complaint for neglect and permanent custody of Cashay. The juvenile court held an adjudicatory hearing in the instant matter on October 21, 1999, at which the court adjudicated Cashay a neglected child. The adjudicatory hearing was immediately followed by a dispositional hearing. At the conclusion of the dispositional hearing, the juvenile court orally granted CCDCFS's motion for permanent custody. That decision was journalized on December 9, 1999. From that judgment, appellant assigns the following errors:
 I. THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED LASHON GILL'S DUE PROCESS RIGHTS WHEN IT ADJUDICATED CASHAY GILL NEGLECTED AFTER HEARING THE TESTIMONY OF A SINGLE WITNESS WHO HAD NO PERSONAL KNOWLEDGE OF FACTS ALLEGED IN THE COMPLAINT.
 II. THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT CASHAY GILL'S BEST INTERESTS WERE SERVED IN A SITUATION THAT EXPOSED HER TO A DRUG-ABUSING FATHER WHEN SHE COULD HAVE BEEN CARED FOR BY A MORE PROTECTIVE AND SUITABLE FAMILY MEMBER.
 III. WHEN NO CASE PLAN HAD BEEN JOURNALIZED BY THE TRIAL COURT OR INCLUDED IN THE RECORD, AND NO ADMISSIBLE EVIDENCE WAS PRESENTED ON APPELLANT'S FAILURE TO COMPLETE CASE PLAN OBJECTIVES, THE TRIAL COURT ABUSED ITS DISCRETION IN BASING KEY FINDINGS ON APPELLANT'S FAILURE TO COMPLETE CASE PLAN OBJECTIVES.
 IV. WHEN NO CASE PLAN HAD BEEN JOURNALIZED BY THE TRIAL COURT OR INCLUDED IN THE RECORD, THE COURT ABUSED ITS DISCRETION IN GRANTING PERMANENT CUSTODY WHEN IT COULD NOT ASSESS APPELLEE'S EFFORTS TO REUNIFY CASHAY GILL WITH HER MOTHER.
In her first assignment of error, appellant alleges that the juvenile court abused its discretion by adjudicating Cashay Gill a neglected child. Appellee's complaint for neglect and permanent custody alleged that Cashay was a neglected child pursuant to R.C. 2151.03(A)(2), which defines a neglected child as any child who lacks adequate parental care because of the faults or habits of the child's parents, guardian, or custodian. In its complaint, appellee specifically alleged the following:
 3. Paternal grandmother states that the parents of the child are not assisting in care and support of the child and she can no longer provide care for the child and has requested her removal on March 16, 1998.
 5. Both parents have drug abuse problems that prevent them from providing adequate care for the child. They have received treatment on more than one occasion for this problem, but both parents continue to relapse. Both parents have relapsed since their last completed treatment program.
 6. The parents have failed to remedy the conditions causing the removal of the child from the home and have not benefitted from services offered in the case plan.
 7. Mother does not have stable and/or permanent housing.
 8. Mother has failed to visit the child on a regular basis both when the child was with the paternal grandmother and while the child has been in foster care.
 12. Mother has mental health issues which have not been adequately addressed.
Appellant contends that the juvenile court erred by finding that Cashay was a neglected child because appellee failed to prove the above allegations by clear and convincing evidence.
The state has the burden of establishing by clear and convincing evidence that a child is neglected. R.C. 2151.35(A); Juv.R. 29(E)(4). Once the juvenile court determines by clear and convincing evidence that a child is neglected, the court may then commit the child to the permanent custody of a public children services agency. R.C. 2151.353. The standard of clear and convincing evidence requires that the proof produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Cross v. Ledford (1954), 161 Ohio St. 469,120 N.E.2d 118, paragraph three of the syllabus. As the Supreme Court of Ohio stated in State v. Schiebel (1990), 55 Ohio St.3d 71, 74-75,564 N.E.2d 54:
 Where the proof required must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof. Ford v. Osborne (1887), 45 Ohio St. 1, 12 N.E. 526, paragraph two of the syllabus. However, it is also firmly established that judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court. An appellate court should not substitute its judgment for that of the trial court when there exists competent credible evidence supporting the findings of fact and conclusions of law rendered by the trial court judge. See Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273; C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578.
Although appellant asserts that CCDCFS had to demonstrate by clear and convincing evidence all of the allegations set forth in its complaint, this court will not reverse the juvenile court's determination that Cashay was a neglected child if that finding was supported by some competent, credible evidence. At the adjudicatory hearing, CCDCFS presented the testimony of Jeanette McLean, a social worker assigned to Cashay's case since November of 1995. Ms. McLean testified that appellant had been referred to drug treatment in August of 1996 and that appellant had been to at least five different drug treatment programs since that time. Despite her ongoing attempts at drug treatment, appellant continued to test positive for drugs. Ms. McLean testified that appellant tested positive for marijuana and cocaine in October of 1998. Since her last positive drug test, appellant had not submitted any more samples for drug testing or informed CCDCFS of her participation in any further drug treatment.
Ms. McLean also testified that appellant had been referred to a parenting education program as part of her initial case plan. Appellant completed the parenting education program; however, she was required to complete a second parenting education program because the agency received information alleging that appellant was taking Cashay to a crack house, not bathing her, selling WIC coupons for drugs, and not feeding her properly. Appellant presented no evidence at the adjudicatory hearing to rebut CCDCFS's allegations of neglect.
In the instant case, CCDCFS presented competent, credible evidence from which the juvenile court could find that appellant was incapable of adequately caring for Cashay because of her drug habit. A review of the transcript from the adjudicatory hearing demonstrates that the juvenile court had sufficient evidence before it to produce in its mind a firm belief that Cashay lacked adequate parental care due to the fault or habits of appellant. Therefore, the juvenile court did not err by adjudicating Cashay a neglected child as defined in R.C. 2151.03(A)(2). Appellant's first assignment of error is overruled.
In her second assignment of error, appellant alleges that granting permanent custody to CCDCFS was not in Cashay's best interest. Appellant contends that permanent custody was granted prematurely, and the juvenile court should have extended temporary custody until several issues concerning Cashay's well-being could be addressed. Appellant asserts that the court's grant of permanent custody to CCDCFS presented a risk of harm to Cashay because it enabled Cashay's drug-abusing father to have access to her. She argues that the juvenile court abused its discretion by exposing Cashay to risk of harm from her father instead of continuing temporary custody so that a safer placement with Cashay's maternal aunt, Lisa Williams, could be explored.
A reviewing court will not reverse a juvenile court's grant of permanent custody unless the lower court acted in an arbitrary, unreasonable, or capricious manner. In re Leevetta Gabriel (Feb. 26, 1998), Cuyahoga App. No. 72374, unreported, 1998 Ohio App. LEXIS 736. R.C. 2151.414(D) sets forth factors to be considered in determining whether granting permanent custody to a children services agency is in a child's best interest. The statute provides:
 In determining the best interest of a child * * *, the court shall consider all relevant factors, including, but not limited to, the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
(3) The custodial history of the child;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
A review of the record in this case demonstrates that the juvenile court considered the above factors and did not abuse its discretion by concluding that granting permanent custody of Cashay to CCDCFS was in her best interest. We note that appellant does not argue that Cashay's interests would be better served by permitting her to regain custody of her child; appellant merely argues that the juvenile court should have considered placing Cashay in the custody of Lisa Williams, which placement would have prevented her continued exposure to her drug-addicted father.
At the dispositional hearing, CCDCFS presented evidence that Cashay's father, Castheria Abrams, does not pose a serious risk of harm to her. Darlene Bullard, Cashay's paternal grandmother, testified that Cashay visits her every other weekend. When Cashay visits, Castheria does not make an effort to visit and only sees his daughter on occasion. Ms. Bullard further testified that she is always present when Castheria is at her home and that he does not take Cashay away from her house. She also testified that Cashay's foster mother or herself wanted to adopt Cashay, that Cashay was very happy in her foster home, and that she believed granting permanent custody to CCDCFS was in Cashay's best interest.
Lisa Williams, Cashay's paternal aunt, also testified at the dispositional hearing. Ms. Williams testified that she had visited Cashay only once since she had been in the temporary custody of CCDCFS. She also testified that her job required her to work irregular hours and that her mother helped raise her children. In addition to Ms. Bullard's and Ms. Williams's testimony, Cashay's guardian ad litem submitted a report recommending that CCDCFS be granted permanent custody over Ms. Williams. Given the evidence before the juvenile court, we cannot conclude that the lower court abused its discretion by granting permanent custody of Cashay to CCDCFS and not ordering that a placement with Lisa Williams be considered. Appellant's second assignment of error is overruled.
Because appellant's third and fourth assignments of error are interrelated, we will address them together. Appellant alleges that the juvenile court abused its discretion by finding that appellant had failed to complete the objectives of her case plan when no case plan had been journalized by the court and CCDCFS did not present any admissible evidence that appellant had failed to complete the objectives of her case plan. Appellant further alleges that in the absence of a journalized case plan, the juvenile court abused its discretion by granting permanent custody of Cashay to CCDCFS because it could not properly assess whether CCDCFS made a good faith effort at reunification.
In the instant case, the juvenile court made the following findings in its judgment entry:
 * * * The court finds that reasonable efforts by the Cuyahoga County Department of Children and Family Services to prevent removal of the child from her home, to eliminate continued removal of the child from the child's home, or to make it possible for the child to return safely home were made.
* * *
 The court further finds by clear and convincing evidence that the child cannot be placed with her parents within a reasonable time or should not be placed with her parents for the following reasons pursuant to Section 2151.414(E).
 1. Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home.
 2. The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child.
Appellant contends that because the juvenile court did not journalize a case plan in the instant case, the above findings made by the court were based on insufficient evidence. Appellant relies on In re Gilbert (Mar. 23, 2000), Cuyahoga App. No. 75469, unreported, to support her contention that this case must be reversed and remanded for a new dispositional hearing. In In re Gilbert, this court concluded that a juvenile court erred by finding that the parents had failed to comply with case plan objectives when no case plan was before the court and the evidence at the hearing indicated compliance with the purported requirements of the case plan. The facts in this case are distinguishable from In re Gilbert. Unlike In re Gilbert, the transcript from the proceedings in the juvenile court demonstrates that the court's findings were supported by clear and convincing evidence.
Ms. McLean testified that an objective of appellant's case plan was that she complete drug treatment. She testified that, despite attempts at drug treatment, appellant continued to test positive for drugs. Ms. McLean also testified that appellant had made little effort to visit Cashay while she was in the temporary custody of CCDCFS. Furthermore, Ms. Bullard testified that appellant was abusing drugs and did not attempt to visit while Cashay was visiting. The record in this case also includes evidence that CCDCFS made reasonable efforts to reunify Cashay with her mother. Ms. McLean continuously attempted to arrange visits between Cashay and appellant. She also referred appellant to drug treatment once she learned of appellant's drug problem. Given the evidence before the juvenile court, we cannot conclude that the court abused its discretion by making the findings disputed by appellant. Therefore, the absence of a case plan in the record of this case constitutes harmless error. Appellant's third and fourth assignments of error are overruled.
For the foregoing reasons, the judgment of the Cuyahoga County Court of Common Pleas, Juvenile Division is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________________________ FRANK D. CELEBREZZE, JR., JUDGE
DIANE KARPINSKI, P.J., CONCURS, MICHAEL E. CORRIGAN, J., CONCURS.